UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      Case No.:    3:18-cr-232-J-39MCR

JASON RYAN FAIN,

    Defendant.

## ORDER ON MOTION IN LIMINE

This case is before the Court on the United States' Motion in Limine Regarding Admissibility of Trade Inscription, filed on September 19, 2019. (Doc. 42, Motion in Limine). Defendant has not responded. Defendant is charged with one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Doc. 24, Indictment). At trial, the United States intends to introduce Defendant's 32 gigabyte Blue Mini-USB Drive, SanDisk Model SDCZ15 (exterior serial number BM130524568V, interior serial number 4C532000060514104163), which bears the inscription "Made in China." According to the United States, Defendant admitted ownership of the USB drive and stated that the device contains hundreds of images of child pornography, which Defendant downloaded from the internet and saved on the USB drive. Motion in Limine at 1-2.

In the Motion in Limine, the United States seeks permission to introduce the trade inscription "Made in China" as evidence that the device was manufactured outside the United States. That is because the United States must prove that the depictions of child

1

pornography were "produced using materials which have been mailed or [ ] shipped or transported" in or affecting interstate or foreign commerce. 18 U.S.C. § 2252(a)(4)(B).[1] "To avoid the expense of calling an out-of-state witness from the manufacturer of this device and further to streamline the presentation of evidence at trial," the United States seeks to offer the inscription as proof of the device's origin pursuant to Federal Rules of Evidence 902(7) and 807.[2] Motion in Limine at 3.

Under the Federal Rules of Evidence, certain "items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. One such category is "[t]rade inscriptions and the like," defined as "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control." Fed. R. Evid. 902(7).

> Several factors justify dispensing with preliminary proof of genuineness of commercial and mercantile labels and the like. The risk of forgery is minimal. Trademark infringement involves serious penalties. Great efforts are devoted to inducing the public to buy in reliance on brand names, and substantial protection is given them. Hence the fairness of this treatment finds recognition in the cases.

Fed. R. Evid. 902, Advisory Comm. Note to Paragraph 7, 1972 Amendments (collecting cases).

---

[1] "[T]he Government can satisfy the interstate-commerce requirement of child pornography statutes by showing that the computer equipment on which the images are stored traveled in interstate commerce, regardless of how the images themselves were originally produced." United States v. Penton, 380 F. App'x 818, 820 (11th Cir. 2010) (citing United States v. Maxwell, 446 F.3d 1210, 1211-12, 1219 (11th Cir. 2006)).

[2] Rule 807, known as the residual exception to the hearsay rule, provides in pertinent part that "a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804" if "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a).

The "Made in China" label on Defendant's USB drive satisfies Rule 902(7)'s definition of a trade inscription. The mark is (1) an inscription (2) that purports to have been affixed in the course of business and (3) indicates origin, ownership, or control. Fed. R. Evid. 902(7). Numerous courts have admitted similar inscriptions under Rule 902 as proof that an item was manufactured in another state or country. E.g., United States v. Burdulis, 753 F.3d 255, 262-64 (1st Cir. 2014) ("Made in China" inscription on thumb drive was self-authenticating under Fed. R. Evid. 902(7) and was admissible under the residual exception to the hearsay rule); United States v. Saguil, 600 F. App'x 945, 946-47 (5th Cir. 2015) (same holding with respect to "Made in Japan" inscription on camera, following Burdulis); United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir. 1992) (manufacturer's inscription on firearm that stated "Garnika, Spain" was properly admitted under Fed. R. Evid. 902(7) to show that the firearm was manufactured in Spain), overruled on other grounds by Kawashima v. Mukasey, 530 F.3d 1111 (9th Cir. 2008). Likewise, numerous courts have held that such a factory inscription is admissible under the hearsay rule, either because it satisfies Rule 807's residual exception to the hearsay rule or because it is not hearsay in the first place. E.g., Burdulis, 753 F.3d at 262-64 (manufacturer's inscription has sufficient indicia of reliability to satisfy the residual exception); United States v. Gutierrez, 625 F. App'x 888, 895-96 (10th Cir. 2015) ("But this circuit has held that a manufacturer's marking is not hearsay." (citing United States v. Thody, 978 F.2d 625, 630–31 (10th Cir. 1992) (holding that manufacturer's "Made in Spain" stamp on gun butt was not hearsay))); Saguil, 600 F. App'x at 946-47 ("Made in Japan" inscription satisfied residual exception); Alvarez, 972 F.2d at 1004 ("evidence consisting of a manufacturer's inscription on a firearm is not an assertion subject to the hearsay rule.").

Accordingly, the United States' Motion in Limine (Doc. 42) is **GRANTED**. Pursuant to Federal Rules of Evidence 902(7) and 807, the "Made in China" stamp on Defendant's USB drive is a trade inscription, which is self-authenticating as to the device's origin and does not require extrinsic evidence to establish its authenticity.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of October, 2019.

BRIAN J. DAVIS
United States District Judge

Lc 19

Copies:

Counsel of record